# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BANC OF AMERICA INVESTMENT SERVICES INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 06-0714-CV-W-FJG ) |
| BART AARON MARTIN, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court is plaintiff's Application for Temporary Restraining Order (Doc. No. 2). Plaintiff seeks injunctive relief (until a preliminary injunction hearing, and thereafter until further Order of this Court) preventing defendant from (1) soliciting any business from, or initiating any contact or communication with, any client of Plaintiff whom defendant served or whose name became known to Defendant while in the employ of Plaintiff (the "Clients") (excluding Defendant's immediate family and relatives); (2) using, disclosing, or transmitting for any purpose, including solicitation of said Clients, the information contained in the records of Plaintiff, including but not limited to the names, addresses, telephone numbers and financial information pertaining to said Clients, and that all original records and copies and/or other reproductions thereof, in whatever form, be returned to Plaintiff's Overland Park, Kansas office immediately and after returning to Plaintiff such information to purge copies of the information from their possession, custody or control; (3) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or

documents (including any data or information stored in computer media) in Defendant's possession or control which were obtained from or contain information derived from any BAI records which pertain to Clients, or which relate to any of the events or activities alleged in the Complaint herein; and (4) any other acts for which the Court deems injunctive relief appropriate.

The Eighth Circuit uses a four-prong test to determine whether to grant a temporary restraining order. See Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981). The Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Id.

The Court conducted a teleconference on September 1, 2006, to discuss the motion for temporary restraining order. The Court finds that, under these circumstances, the Dataphase factors have not been met. In particular, the Court notes that the movant has not demonstrated it will succeed on the merits, in that the Court cannot determine that consideration existed for the signing of the BAI Code of Ethics Certification and Agreement on January 6, 2005, approximately four years after defendant began employment with plaintiff. See Ashland Oil, Inc. v. Tucker, 768 S.W.2d 595, 600-01 (finding that pay increases, promotions, and additional responsibility could constitute consideration for the signing of a non-compete agreement, declining to rest on the trial court's assertion that continued employment was sufficient consideration for same). Furthermore, the Court finds that at present, the threat of irreparable harm is low as any damages to plaintiff in the interim between this date and the date of the preliminary injunction hearing could be

2

ascertained with some certainty.  See Merrill Lynch, Pierce, Fenner & Smith v. de Liniere, 572 F.Supp. 246 (N.D. Ga. 1983) (finding that commission revenue was primary source of damages, and that could be readily calculated from the commissions the defendant and his new firm derived from the old firm's customers). Based on the Court's present knowledge, the other Dataphase factors favor defendant as well.   Therefore, plaintiff's motion for a temporary restraining order (Doc. No. 2) to maintain the status quo is **DENIED.**

The Court will hold a hearing regarding the potential entry of a preliminary injunction on **MONDAY, September 18, 2006**, beginning promptly at **10:30 a.m** at the Charles Evans Whittaker Courthouse, Courtroom 7C, 400 E. 9th Street, Kansas City, Missouri.

**IT IS SO ORDERED.**

Dated:  September 1, 2006           /s/Fernando J. Gaitan, Jr.
Kansas City, Missouri               Fernando J.  Gaitan, Jr.
                                    United States District Judge

3